UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM C.E. WALLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.:   25-4081-CSB |
| | ) |
| GREG DONATHAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

ORDER

**COLIN S. BRUCE, U.S. District Judge:**

Plaintiff William C.E. Walls, proceeding *pro se*, is a civil detainee at the Illinois Department of Human Services' Treatment and Detention Facility at Rushville, Illinois ("Rushville"). Plaintiff requested leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but who are not prisoners as defined in 28 U.S.C. § 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

1

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

This case is Plaintiff's latest attempt to be released from Rushville.[1] Plaintiff's Complaint details how he wound up in Rushville and his attempts to get out, although he does not fully reveal the extent of his habeas petitions under 28 U.S.C. § 2254. In this Complaint, Plaintiff reiterates the nub of his argument—his Constitutional rights were violated when the State of Illinois relied upon his juvenile records as a basis for sending him to Rushville.

But Plaintiff also attempts to emphasize an apparent new point. According to him, the Supreme Court of Illinois has determined that the proceedings that are conducted as part of a sexual violent person ("SVP") determination are criminal in nature. Because those proceedings are criminal in nature, Plaintiff argues that he is entitled to the Constitutional protections required in a criminal case, including the rights under the Fifth and Fourteenth Amendments. Plaintiff contends that he was denied his Constitutional rights in his SVP hearing, and therefore, he has filed this lawsuit in which he asks the Court to order his immediate release and to award monetary damages to him based upon his unlawful detention at Rushville.

---

[1] This is Plaintiff's twentieth case that he has filed in this District, which does not include his three habeas cases.

Plaintiff has been down this road before. Over fifteen (15) years ago, the Honorable Harold A. Baker advised Plaintiff that he could not maintain a suit similar to the one that he has filed now. In *Walls v. Kress*, 2009 WL 102229 (C.D. Ill. Jan. 13, 2009), Judge Baker opined:

> The bulk of the plaintiff's complaint challenges the commitment proceedings in state court which resulted in him being adjudicated a sexually violent person. His claims are effectively challenges to the fact of his detention, claims which cannot proceed under 42 U.S.C. § 1983. As far as federal court goes, these claims are only cognizable in a federal habeas action, if at all. *See Lieberman v.. Thomas,* 505 F.3d 665 (7th Cir.2007) (example of habeas action filed by detainee as sexually violent person). Further, the prosecutors are entitled to immunity for their actions in pursuing the plaintiff's commitment. *See Davis v. Zirkelbach,* 149 F.3d 614, 617 (7th Cir. 1998) (prosecutors' decision to commence and continue prosecuting protected by absolute immunity); *Spiegel v. Rabinovitz,* 121 F.3d 251, 256–57 (7th Cir. 1997) (prosecutor absolutely immune from allegations that he intentionally overlooked witnesses and exculpatory evidence in bringing charge).

*Id*. at * 1 (footnote omitted).

The law has not changed since Plaintiff filed his case before Judge Baker. Plaintiff cannot sue the Illinois Attorney General because the Attorney General is immune from this suit, which is based upon the Attorney General's actions as a prosecutor. The State of Illinois is immune from this lawsuit based upon the Eleventh Amendment. And, Plaintiff cannot challenge his detention under § 1983.

Plaintiff appears to have filed this lawsuit because Chief United States District Judge Sara L. Darrow denied his habeas petition under 28 U.S.C. § 2254. *See* CDIL Case Number 23-4102. But just because he did not obtain the relief that he wanted in that case does not mean that he can now file this case. Besides, Chief Judge Darrow's Order denying Plaintiff's habeas petition is currently on appeal with the United States Court

of Appeals for the Seventh Circuit. Any relief to which Plaintiff is entitled in that case must be given by the Seventh Circuit, not in a collateral attack in this case.

One more point in conclusion in order to forestall any such argument from Plaintiff. In his Complaint, Plaintiff represented that he was filing this case under 28 U.S.C. § 1331. That statute provide federal question jurisdiction to this Court.

However, in order to assert a Constitutional right in a civil case, Plaintiff cannot assert that Constitutional right directly; he may only do so *via* § 1983. *Rodriguez v. Parks*, 2025 WL 636287, * 8 (N.D. Ind. Feb. 26, 2025) (citing *Spiegel v. Rabinovitz,* 121 F.3d 251, 254 (7th Cir. 1997) ("Section 1983 is the legal mechanism that allows plaintiffs to seek recovery for violations of their constitutional rights."). Therefore, to the extent that Plaintiff believes that this case is brought under § 1331 and not § 1983, and therefore, Judge Baker's opinion does not apply, he is incorrect as a matter of law.

**IT IS, THEREFORE, ORDERED:**

**1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted, and allowing Plaintiff to attempt to amend his complaint based upon the facts as alleged by him would be futile. Fed. R. Civ. P. 12(b)(6).**

**2.    Plaintiff's motion for leave to proceed *in forma pauperis* [3] is DENIED.**

**3.    This case is DISMISSED WITH PREJUDICE based upon Plaintiff's failure to file a complaint upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). The Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is closed. All deadlines and settings on the Court's calendar are vacated.**

4. If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

5. If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).

6. If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 12th day of May, 2025

                                                 s/ Colin S. Bruce
                                                 COLIN S. BRUCE
                                       UNITED STATES DISTRICT JUDGE